UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| FAITH R. COFFEY, | ) | Case No. 3:11 CV1131 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| -vs- | ) | |
| | ) | |
| AFSCME LOCAL 7, *et al.*, | ) | JUDGE JAMES G. CARR |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Faith R. Coffey brings this *in forma pauperis* action against the AFSCME [American Federation of State, County and Municipal Employees] Union Local 7, Union President Don Czerniak, and Divisional Union Representative Tom Gallagher. She alleges the defendants failed to represent her claim of wrongful discharge in violation of the Labor Relations Management Act (LRMA), 29 U.S.C. §185. Ms. Coffey seeks compensation for lost wages since the date of her termination, as well as a refund of her union dues.

BACKGROUND

Ms. Coffey does not state where or by whom she was employed, but the facts suggest she may have been employed by the City of Toledo water department. On or about December 9, 10, 11, 18 and 31 in 2009, defendants Don Czerniak and Tom Gallagher allegedly failed to force the City to "abide by contract section 2117.127[,] Policies, Procedures and Regulations." (Compl. at 1.) Ms. Coffey states she was charged with abuse of the meter reader incentive program, but argues that

the program does not exist. She further complains that the program was not written or posted; and, contrary to the union contract, Ms. Coffey was not provided a copy of the program. She adds that she was not provided any work rules, procedure or policies at the time she was hired in the water division. These charges allegedly led to her eventual termination.

On March 18, 2010, during "one of [Ms. Coffey's] hearings," Mr. Czerniak presented her with a "last chance agreement with the city." (Compl. at 2.) He explained to her that if she did not sign the agreement she would be charged with tardiness. Ms. Coffey retorted that it was past the date on which she could be charged and she refused to sign the agreement. Later during the same hearing, Ms. Coffey was presented with the tardy charge. She claims Mr. Czerniak never attempted to challenge the tardy charge based on her theory that it was past the deadline, nor did he raise any other arguments or "investigations." Ms. Coffey states the charge of tardiness as well as the earlier charge of abuse of the meter reader incentive program led to her termination.

Finally, Ms. Coffey alleges Mr. Gallagher was her acting supervisor, as well as the divisional union steward, when he signed a disciplinary charge against her on May 20, 2010. There is no indication what action was taken as a result of this charge or what Ms. Coffey is alleging based on this fact. She also does not state on what date her employment with the City ended.

ANALYSIS

Ms. Coffey asserts she was wrongfully discharged because her employer breached the Collective Bargaining Agreement (CBA). While the Complaint is not explicit, there is a suggestion that her employer's failure to publish the meter incentive program might be the breach to which she alludes. If so, she argues the union failed to address this fact when it represented her during a grievance hearing.

The defendants' failure to advance Ms. Coffey's argument that the meter program she was accused of abusing did not exist allegedly constituted a failure to represent her in violation of the LMRA. When Ms. Coffey asked Mr. Czerniak about the program rules and requirements, she claims he never forced the City to post or present this information to her. Moreover, when she was accused of tardiness, Mr. Czerniak never argued that the accusation was "past the limitations day to be charged." (Compl. at 2.) She states the union "misrepresented" her by "improperly" handling her termination.

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A district court is required to dismiss an action under 28 U.S.C. §1915(e), however, if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. MarsCoffey*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## HYBRID SECTION 301 LABOR DISPUTE

Ms. Coffey asserts her employer breached the CBA and her union failed to represent her interests, in violation of the LRMA. While she names only the union and its representatives as defendants in her Complaint, the claims she asserts outline a hybrid action under Section 301 of the LRMA. The Sixth Circuit has explained that "[a] hybrid section 301 action involves two constituent claims: breach of a collective bargaining agreement by the employer and breach of the duty of fair representation by the union." *Garrison v. Cassens Transp.*, 334 F.3d 528, 538 (6th Cir.2003). "[T]o

3


recover against either the Company or the Union, [the plaintiff] must show that the Company breached the Agreement and that the Union breached its duty of fair representation. Unless [the plaintiff] demonstrates *both* violations, [he] can not succeed against either party." *Bagsby v. Lewis Bros., Inc. of Tenn.*, 820 F.2d 799, 801 (6th Cir.1987) (emphases in original); *see also DelCostello v. Teamsters*, 462 U.S. 151, 164 (1983) (noting that the two claims are "inextricably interdependent.")  Other than stating her employer breached the CBA, Ms. Coffey has neither named her employer as a defendant, nor stated any claim against it.  To the extent she could establish a claim against the union defendants, she still has failed to state a claim.

A breach of the statutory duty of fair representation occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith."*Vaca v. Sipes*, 386 U.S. 171, 190 (1967). The Supreme Court stated that "a union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (citation omitted) (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)).

Ms. Coffey does not allege that the defendants' conduct was discriminatory, in bad faith or arbitrary.  These are not accusations which the Court can level at the defendants on her behalf.  As a general rule, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint will [not] suffice if it tenders 'naked assertions devoid of further factual enhancement.'" (quoting *Twombly*, 550 U.S at 557)).  At no place in the Complaint does Ms. Coffey state or attempt to outline any allegations that the defendants

acted in bad faith, arbitrarily or in a discriminatory manner. Rather, the Complaint focuses on the Union's failure, in 2009, to force her employer to provide additional information on the meter reader incentive program.

Were Ms. Coffey to argue bad faith, it would require a showing of fraud or deceitful or dishonest action. *Motor Coach Employees v. Lockridge,* 403 U.S. 274, 299 (1971). She has not, however, argued that the defendants intentionally provided poor representation and, again, the Court cannot insert the claim on her behalf. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)(district courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments).

A union's actions are arbitrary "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots*, 499 U.S. at 67 (internal quotation marks and citation omitted). A union's judgment is not considered arbitrary "even if those judgments are ultimately wrong," *Marquez v. Screen Actors Guild, Inc*., 525 U.S. 33, 45–46 (1998), negligent or mistaken, *Poole v. Budd Co.*, 706 F.2d 181, 183 (6th Cir.1983).

Finally, Ms. Coffey does not allege the union's failure to represent her was based on discrimination. A union's actions are improperly discriminatory if they are "intentional, severe, and unrelated to legitimate union objectives [,]" *Amalgamated Ass'n of St., Elec., Ry. & Motor Coach Emps. of Am. v. Lockridge*, 403 U.S. 274, 301 (1971), and they are in bad faith if made with improper intent or motive, *Williamson v. Lear Corp*., 183 Fed.Appx. 497, 505 (6th Cir. 2006) (unpublished). In addition, to recover for a breach of the duty of fair representation, the plaintiff must demonstrate injury. *See Spellacy v. Airline Pilots Ass'n–Int'l*, 156 F.3d 120, 126 (2d Cir.1998);

5

*Black v. Ryder/P.I.E. Nationwide, Inc*., 15 F.3d 573, 585 (6th Cir.1994) (noting that a union's failure to present favorable evidence during a grievance procedure is actionable only if such evidence would have brought about a different result). While Ms. Coffey alleges the charges against her resulted in the termination of her employment, she does not allege that she would have retained in her position 'but for' the union's actions.

BARRED BY STATUTE OF LIMITATIONS

Finally, the facts alleged in the Complaint suggest Ms. Coffey's claims are also barred by the statute of limitations. Although Congress did not include a statute of limitations in Section 301, the Supreme Court has "borrowed the six-month statute of limitations of NLRA § 10(b)." *Robinson v. Cent. Brass Mfg. Co.*, 987 F.2d 1235, 1238 (6th Cir.1993). Thus, the statute of limitations for filing a duty of fair representation claim is six months. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 169 (1983); *Schoonover v. Consolidated Freightways Corp*., 49 F.3d 219, 221-22 (6th Cir.1995). Such a claim accrues when an employee discovers, or should have discovered with the exercise of due diligence, acts giving rise to the cause of action. *Chrysler Workers Ass'n v. Chrysler Corp*., 834 F.2d 573, 578 (6th Cir.1987), *cert. denied*, 486 U.S. 1033 (1988). A party is not required to sue on a fair representation claim until the party reasonably should know that the union has abandoned the party's claim. *Schoonover*, 49 F.3d at 222.

Ms. Coffey argues that on March 18, 2010, Mr. Czerniak refused to argue that the tardiness charge against her was raised after the "limitations day to charged." (Compl. at 2.) Even liberally choosing the later of the two incidents supporting her failure to represent claim, it is clear Ms. Coffey should have known the union was not representing her claim in the manner she requested at least 15 months before she filed this Complaint. This, aside from Ms. Coffey's failure

6

to allege a basis upon which the union failed to represent her, bars her claim based on the applicable statute of limitations. *Bowerman v. International Union, United Auto., Aerospace and Agricultural Implement Workers of America, Local No. 12*, 646 F.3d 360, 367 (6th Cir. 2011).

CONCLUSION

Accordingly, Ms. Coffey's Motion to Proceed *in forma pauperis* is granted. This action is **dismissed** under section 1915(e), but without prejudice to any potential state law claims she may have. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

<u>S/ JAMES G. CARR</u>
UNITED STATES DISTRICT JUDGE